1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                          CASE NO. 10cr2920 WQH

12                                   Plaintiff,          ORDER

            vs.
13   JUAN CARLOS FLORES-ACUNA,

14                                   Defendant.

15   HAYES, Judge:

16        The matter before the Court is Defendant Juan Carlos Flores-Acuna's Motion for a New

17   Trial (ECF No. 63).

18                                   **BACKGROUND**

19        On June 25, 2010, Defendant was arrested at the Otay Mesa Port of Entry while

20   attempting to enter the United States from Mexico as the driver of a 2005 Chevrolet

21   Silverado truck.  Agents later discovered 12.2 pounds of methamphetamine concealed

22   within the truck.

23        On July 21, 2010, the grand jury returned a two-count Indictment charging

24   Defendant with Importation of Methamphetamine in violation of 21 U.S.C. §§ 952 and

25   960; and Possession of Methamphetamine with Intent to Distribute in violation of 21

26   U.S.C. § 841(a)(1).  (ECF No. 9).

27        The jury trial commenced on December 15, 2010.  Defendant was represented at

28   trial by Victor Torres.  Defendant testified that he purchased the truck from his neighbor

1   Jose Eduardo and that Defendant did not have all of the money to pay Eduardo fully.  (ECF

2   No. 63-1 at 4-7).  Defendant testified that while he was unable to pay for the truck fully,

3   Eduardo allowed him to borrow it.  *Id*. at 8-9.  Defendant also testified that he could not

4   read or write in Spanish or English, and that he was unable to understand the purchase

5   agreement regarding the truck that he signed with Eduardo.  *Id*. at 6.

6          On December 17, 2010, the jury returned a verdict finding the Defendant guilty of

7   both counts in the Indictment.  (ECF No. 43).

8          On February 22, 2011, the Court granted Defendant's request for new counsel and

9   appointed Holly A. Sullivan to represent the Defendant.  (ECF No. 51).

10         New defense counsel requested a psychological evaluation of the Defendant.  (ECF

11  No. 63 at 2).  On June 27, 2011, clinical and forensic psychologist Dr. Bruce Yanofsky

12  performed a psychological evaluation of the Defendant.  (Exhibit B at 1).  Dr. Yanofsky

13  found that Defendant "is an individual with limited intellectual resources . . . some

14  cognitive functions appear to be below expectation."  *Id*. at 16.  Dr. Yanofsky concluded

15  that there was no indication that the Defendant was suffering from a severe mental health

16  problem and recommended vocational and academic instruction in order to improve the

17  Defendant's functional abilities and independence.

18         Victor Torres, counsel for Defendant at trial, submitted a declaration in support of

19  Defendant's Motion for a New Trial.  Torres states:

20         I did not have Mr. Flores-Acuna evaluated by a psychiatrist/psychologist
           prior to trial.  If I had known Mr. Flores-Acuna was in a mentally retarded
21         range of intelligence quotient (IQ), I would likely have advised him not to
           testify at trial.  If he chose to testify, I would have presented information
22         concerning his mental deficits.  I would have changed my trial strategy and
           presented evidence of his lower intellectual ability and argued his vulnerable
23         state due to his mental deficits made [sic] him an ideal candidate to be used
           by others as a "blind mule."  I would have utilized this information
24         concerning documents shown to him by the prosecutor on cross examination
           for which the government argued he testified truthfully.  I also would have
25         used this information to explain his inability to remember names and dates.

26  (ECF No. 63-2 at 2).

27                                        **ANALYSIS**

28         Rule 33 of the Federal Rules of Criminal Procedure provides "upon defendant's

1  motion the court may vacate any judgment and grant a new trial if the interest of justice so

2  requires." Rule 33 provides the trial court with broad discretion. The Ninth Circuit has set

3  out five factors to determine whether a court should grant a motion for a new trial based on

4  newly discovered evidence in *United States v. Harrington*, 410 F.3d 598 (9th Cir. 2005).

5  The factors are: "(1) the evidence must be newly discovered; (2) the failure to discover the

6  evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the

7  evidence must be material to the issues at trial; (4) the evidence must be neither cumulative

8  nor merely impeaching; and (5) the evidence must indicate that a new trial would probably

9  result in acquittal." *Id.* at 601.

10       Defendant contends that evidence of his low functioning should have been presented

11  to the jury in order "to determine whether Mr. Flores-Acuna knowingly imported

12  methamphetamine or whether the act was done through ignorance, mistake, or accident."

13  (ECF No. 63 at 9). The Government contends that Defendant has failed to show that he

14  could not have obtained a mental assessment prior to trial, and that the assessment by Dr.

15  Yanofsky would not have changed the result of the trial. (ECF No. 68 at 5-9).

16       The Court has considered all five *Harrington* factors and concludes that a new trial

17  is not warranted. "Evidence will not be deemed 'newly discovered' simply because it

18  appears in a different light under a new theory. A party who desires to present his case

19  under a different theory in which facts available at the original trial now first become

20  important, will not be granted a new trial." *United States v. Hamling*, 525 F.2d 758, 759

21  (9th Cir. 1975). In this case, Defendant did not request a psychiatric evaluation until after

22  his conviction. There are no facts or circumstances that would have prevented defense

23  counsel from requesting such an evaluation at an earlier date and prior to trial. Defendant

24  choose to proceed to trial and presented his defense. Having been found guilty, the

25  Defendant is not entitled to change his theory of the defense and proceed to a second trial.

26  Under the facts and circumstances of this case, the psychiatric evaluation cannot be

27  considered newly discovered evidence which would entitle the Defendant to a new trial

28  under a different theory of the case.

1   The Court further concludes that the psychiatric evaluation is not evidence which

2   would "indicate that a new trial would probably result in acquittal." *Harrington*, 410 F.3d

3   at 601.  The report of Dr. Yanofsky provides no evidence which would bolster the

4   Defendant's credibility or lead the jury to conclude that the Defendant was not aware of the

5   controlled substances secreted in his truck.

6                                        **CONCLUSION**

7        IT IS HEREBY ORDERED that the Motion for a New Trial (ECF No. 63) is

8   DENIED.

9   DATED:  August 15, 2011

10                                    **WILLIAM Q. HAYES**
11                                    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28